IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAMANN GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 CV 03591 |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## ORDER

In accordance with the accompanying statement, the plaintiff's motion for jurisdictional discovery [49] is granted. The defendant's motion to dismiss [43] remains stayed; the plaintiff's response to it will be due thirty days after conclusion of jurisdictional discovery.

## STATEMENT

This is an action alleging willful trademark infringement and counterfeiting under the Latham Act, 15 U.S.C. §§ 1125(a), 1114, and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510. The plaintiff, Hamann GmbH, is a Germany corporation dealing in car tuning products. The defendants are numerous foreign nationals and businesses allegedly conducting business in the United States through e-commerce websites and online marketplaces. Defendant qinqqchen, an internet store hosted by DHgate.com and operated by a Chinese national, filed a motion to dismiss for lack of personal jurisdiction. ECF No. 43. In response, Hamann filed a motion for leave to conduct jurisdictional discovery. ECF No. 49.

"[I]t is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists." *Indag GmbH & Co. v. IMA S.P.A.*, 150 F. Supp. 3d 946, 971 (N.D. Ill. 2015). To obtain jurisdictional discovery, a plaintiff "must establish a colorable or *prima facie* showing of personal jurisdiction . . . ." *Id*. This is a low bar, "but a plaintiff's request will be denied if it is based only upon unsupported assertions . . . ." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009).

Hamann's assertions of personal jurisdiction are sufficiently supported. Hamann presented a screenshot of the defendant's DHgate.com storefront offering to sell an apparent Hamann product and ship it to an Illinois address. Ex. 2 of Pl.'s Mot. for Disc. at 2, 15, ECF No. 49-2. The same screenshot includes transaction history revealing the sale of an apparent Hamann product in January of 2020 to a buyer claiming United States nationality. *Id.* at 12. The defendant denies ever selling Hamann products to Illinois but nonetheless admits to selling a product—reputed by Hamann to be infringing—to a buyer in California. Def.'s Resp. to Pl.'s Mot. for Disc. at 5, ECF

No. 51. The defendant even presents a screenshot documenting this sale. Ex. B of Def.'s Resp. to Pl.'s Mot. for Disc. at 2, ECF No. 51-2. The Court finds the sum of these presentations sufficient to establish a *prima facie* showing of personal jurisdiction. Therefore, limited jurisdictional discovery is warranted.

In determining the appropriate scope of jurisdictional discovery, the Court is guided by the questions such discovery seeks to answer—that is, whether the defendant has purposefully directed activities at the forum or purposefully availed itself of the privilege of conducting business in the forum, and whether the alleged injury arises out of the defendant's forum-related activities. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590 (7th Cir. 2021). Discovery is limited to what is necessary to answer those questions. The Court is also cognizant that "[f]oreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000).

In this case, the defendant denies personal jurisdiction in the forum state of Illinois without identifying a suitable alternative forum. Therefore, the Court can appropriately turn to Federal Rule of Civil Procedure 4(k)(2) to limne the appropriate scope jurisdictional discovery. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001). Rule 4(k)(2) provides that, for a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant that is not subject to jurisdiction in any state's courts, where exercising jurisdiction is consistent with the United States Constitution and federal law. The defendant has not acknowledged that it is subject to jurisdiction in some state other than Illinois, and "[s]o far as the Constitution is concerned, the right question is whether [defendant] has contacts with the United States." *ISI Int'l*, 256 F.3d at 551. Pursuant to Rule 4(k)(2) then, the focus of the jurisdictional inquiry in this case is on the defendant's contacts with the entire Unites States, not simply Illinois. *See Indag*, 150 F. Supp. 3d at 960.

The Court therefore grants Hamann leave to conduct written discovery regarding: the products the defendant has sold; the quantity of sales in each product the defendant has sold in the last three years; where these products have been sold to and to whom; the marketing efforts associated with the sales of these products; the stores, other than the internet store previously identified, the defendant operates; the products these stores sell; the revenue received through sales to the United States in the last three years and any tax records verifying this revenue; the physical addresses associated with the defendant's business or businesses; and the principal place of business of the operator or operators of the defendant's internet store or stores. Written discovery on these matters is to conclude no later than December 10, 2021. To the extent that the plaintiff seeks oral discovery, that request must be renewed and justified following the completion of written discovery.

Date: October 8, 2021

John J. Tharp, Jr.
United States District Judge